SIPP v. REICH.

(Supreme Court, Appellate Term. June 23, 1904.)

1. LANDLORD AND TENANT—LEASE—BREACH—SUMMARY PROCEEDINGS.

Where a lease provided that the tenant should make certain improvements and alterations within six months, and, if the same be not then made or commenced, he should pay the landlord the sum of $2,400, such payment not being shown to be for rent, a failure of the tenant to perform the covenant or make such payment did not warrant the maintenance of summary proceedings to recover possession.

2. SAME—FINAL ORDER—APPEAL.

Where, in summary proceedings to recover real estate, no final order granting possession or awarding costs to the defendant was made, as required by Code Civ. Proc. § 2249, but only an order dismissing the proceeding was entered, no appeal could be taken from such order.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Summary proceedings by Mary E. Sipp to recover possession of certain real estate leased to defendant, Bernard Reich. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Dismissed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

William E. Morris, for appellant.
Leonard Bronner, for respondent.

MacLEAN, J. The landlord, by summary proceedings, sought possession of certain premises for nonpayment of rent by the tenant, relying upon written lease wherein and whereby the premises were let "from the 15th day of February, 1902, to the 1st day of May, 1903, at the yearly rental of four thousand eight hundred dollars ($4,800), payable two hundred dollars ($200) in settlement for the rent from February 15th, 1902, to September 1st, 1902, on the execution and delivery of this lease, four hundred dollars ($400) on the first day of September, 1902, and thereafter monthly in advance in equal payments of four hundred dollars ($400) each on the first days of each and every month," etc. The lease also states that the same is made upon the conditions and covenants following, among which is found this:

"The said tenant in consideration of only paying two hundred dollars ($200) rent from February 15th, 1902, to September 1st, 1902, takes said premises in their present condition and subject to said leases as aforesaid, and hereby agrees to make a new entrance to the store on 124th street, put in an electric elevator, etc., etc., and further agrees that he will furnish a bond satisfactory to the landlord that he, the tenant, shall make the said altera-

tions and improvements within six months after obtaining possession of the entire premises, and if the same be not then made or commenced, he, the tenant, will pay or cause to be paid to said landlord the sum of twenty four hundred dollars ($2400)."

Default in the payment of said sum of $2,400, nowhere stated in the lease or otherwhere shown to be for rent, was insufficient to warrant resort to summary proceedings, whatever other provision there was or might be, by. agreement or by law, to regain possession of the demised premises in such event. The proceedings were therefore properly dismissed, but as the appeal herein is from a final order, and no such order as required by section 2249 of the Code of Civil Procedure appears from the record to have been made, the appeal must be dismissed.

Appeal dismissed, with costs. All concur.